JUSTICE NELSON
concurs in part and dissents in part.
I concur with the analysis and in everything stated in the Court’s opinion except as to that part of the discussion of Issue 1 wherein we hold that in order to toll the five-year statute of repose, the failure to disclose must be an act separate from the alleged act of malpractice upon which the claim for professional negligence is based. In my opinion, the plain, unambiguous language of § 27-2-205(1), MCA, does not contain that sort of restriction. Moreover, I conclude that, in judicially imposing this construction on the statute, we have deprived a whole class of medical-malpractice plaintiffs of the protection of the tolling provisions that the legislature enacted.
I begin my analysis with those well-established, oft-cited rules of statutory construction that have become axiomatic:
In interpreting a statute, we look first to the plain meaning of the words it contains. [Citation omitted]. Where the language is clear and unambiguous, the statute speaks for itself and we will not resort to other means of interpretation. [Citation omitted.] “In the search for plain meaning, ‘the language used must be reasonably and logically interpreted giving words their usual and ordinary meaning.’ ” [Citation omitted.]
Werre v. David (1996), 275 Mont. 376, 385, 913 P.2d 625, 631. Moreover,
[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has *87 been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.
Section 1-2-101, MCA.
We have properly concluded that the five-year statute of repose in § 27-2-205(1), MCA, is tolled by language in the statute itself
for any period during which there has been a failure to disclose any act, error, or omission upon which an action is based and that is known to the defendant or through the use of reasonable diligence subsequent to the act, error, or omission would have been known to the defendant.
Contrary to the majority opinion, however, a reading of the plain language of this tolling provision reveals no requirement whatsoever that the failure to disclose be an act separate from the malpractice itself. The elements of the statute-of-repose tolling provision are simple and straightforward. There must be:
(a) a failure to disclose any act, error, or omission
(b) upon which an action is based and
(c) that is known to the defendant or
(d) through the use of reasonable diligence subsequent to the act, error or omission would have been known to the defendant.
Moreover, under the statutory language, tolling takes place “for any period during which there has been a failure to disclose.” Section 27-2-205(1), MCA (emphasis added). Obviously, “any period” would include a failure to disclose either coincidental with or subsequent to the malpractice and, where the failure to disclose is the malpractice, then logically the failure to disclose cannot be an act separate from the malpractice itself.
The majority can point to no statutory language that supports the interpretation that it has placed on the subject language. Rather, it has impermissibly failed to look first to the plain meaning of the words the statute contains and then reasonably and logically interpret the statutory language giving words their usual and ordinary meaning. The majority has improperly inserted that which the statute does not require — an element that the failure to disclose be a separate act.
The mischief in the Court’s interpretation of the statute cannot be fully appreciated until one understands that, under this construction, a whole class of medical-malpractice plaintiffs has now been deprived of the protection of the tolling provisions of the statute of repose that *88 the legislature enacted. In those cases where the failure to disclose is the malpractice — for example, in those cases where the injured plaintiff did not give informed consent to the offending treatment because the health-care provider negligently failed to disclose the risks attendant to the procedure — there can now be no tolling of the statute of repose because the malpractice and the failure to disclose are not separate acts; rather, they are one and the same act, error or omission.
To illustrate, assume the health-care provider fails to disclose a particular known risk attendant to a surgical procedure and, knowing that he has not properly advised the patient of this risk, he obtains consent for the procedure nonetheless. Five years and one day following the procedure the latent effects attendant to the risk manifest themselves in injury to the patient. Assume further that the healthcare provider made no mention of his negligent failure to disclose the risk to the patient during the five years following his pre-surgery consultation. Under our decision, the patient is barred from filing a malpractice claim based upon lack of informed consent, notwithstanding the health-care provider’s failure to disclose, because, under our decision here, the failure to disclose is the malpractice and is not an act, error or omission separate from the malpractice.
If the purpose of the “failure to disclose” provision in the tolling of the statute of repose is to protect the public from dishonest healthcare providers and to encourage negligent health-care providers to disclose their malpractice so that injured patients might be able to timely seek corrective medical treatment and avoid further or prolonged injury, then we have effectively denied these remedial aspects of the statute to this whole class of informed-consent plaintiffs. Importantly, we have also deprived plaintiff Blackburn of the tolling protection that the statute was enacted to provide.
I would hold that Blackburn’s medical malpractice claims which are premised in her allegation that her health-care providers failed to disclose to her that, being HIV negative, she could not give birth to an HIV-positive baby, are not barred by the five-year statute of repose. Rather, liability under this theory presents factual questions that should be resolved by the jury.
I dissent.
JUSTICES TRIEWEILER and HUNT concur in the foregoing dissent and concurrence.